UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| 21st Mortgage Corporation,<br><br>                    Plaintiff,<br><br>-v-<br><br>Ryan Davis, Mark A. Peterson, Esq., Teachers Federal Credit Union, Henry Wolf, Mortgage Electronic Registration Systems, Inc., Teresa Wolf, and John Does and Jane Does,<br><br>                    Defendants. | 2:25-cv-605<br>(NJC) (LGD) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff 21st Mortgage Corporation ("21st Mortgage") initiated this action in New York state court on July 29, 2013, bringing state law claims against Defendants Ryan Davis ("Davis"), Mark A. Peterson, Esq. ("Peterson"), Teachers Federal Credit Union ("TFCU"), Henry and Teresa Wolf (the "Wolfs"), Mortgage Electronic Registration Systems, Inc. ("Mortgage Electronic"), and John Does and Jane Does (collectively, "Defendants"). (Compl., ECF No. 1-4.) 21st Mortgage filed an Amended Complaint against the same Defendants on November 20, 2014. (Am. Compl., ECF No. 1-6.) On February 3, 2025, nearly twelve years after 21st Mortgage filed the original Complaint, the Wolfs removed this case to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441(a), invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Not. Removal, ECF No. 1.)

I have reviewed the entire record, including but not limited to 21st Mortgage's Complaint and Amended Complaint, the Wolfs' Notice of Removal, and the Wolfs' Response to the Court's February 7, 2025 Order to Show Cause ("Response") (Order Show Cause, ECF No. 5; Order

Show Cause Resp. ("Resp."), ECF No. 8). For the reasons explained below, The Wolfs have failed to establish that this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Accordingly, I remand this case to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

## BACKGROUND

On July 29, 2013 21st Mortgage filed this suit in the Supreme Court for the State of New York, Suffolk County, bringing a foreclosure action against Defendants under New York state law. (Compl.) The Wolfs jointly filed their Answer on August 12, 2013. (Wolfs' Answer, ECF No. 1-5.) On November 20, 2014, 21st Mortgage filed an Amended Complaint (Am. Compl.), and the Wolfs filed their Amended Answer and Counterclaims on September 8, 2015 (Am. Answer & Counterclaims, ECF No. 1-7).

The Wolfs did not seek to remove this case until nearly *twelve* years after 21st Mortgage filed the original Complaint, when, on February 3, 2025, the Wolfs filed a Notice of Removal (Not. Removal) and on February 6, 2025 filed a Motion for Temporary Restraining Order ("TRO Motion," ECF No. 4). In stating the bases for jurisdiction, the Notice of Removal alleges that removal is timely because (1) "[t]he action is post-judgment and beyond the 1 year period for removal but this application will contain an Order to Show Cause to Vacate Default . . . due to law office failure," (2) "the Wolfs were defrauded out of their home and were not initially parties to this action," and (3) "[t]he Notice of Removal is being filed out of necessity because the Defendants are about to lose possession of the residence as they were served with the 14-Day Notice on January 23, 2024." (Not. Removal ¶¶ 9–10.) The Notice of Removal also alleges that complete diversity is met because "Defendant is a resident of New York State" and "Plaintiff is a

2

foreign entity with a principal place of business located in Knoxville, Tennessee." (Not. Removal ¶¶ 11–12.)

On February 7, 2025, I issued an Order to Show Cause, requiring the Wolfs to "show cause in writing, with all material facts established by sworn affidavit, why this Court should not remand this action under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction." (Order Show Cause at 6.) In the Order to Show Cause, I found that the Notice of Removal established that the $75,000 amount in controversy requirement for jurisdiction was met because the Amended Complaint seeks $358,420.00. (*Id.* at 4.) However, I specifically identified four deficiencies with the Wolfs' Notice of Removal:

(1) the Notice of Removal failed to establish Defendants' citizenship because it only states that "Defendant is a resident of New York State"—only addressing one unspecified defendant and failing to allege that defendant's *domicile*, as required for diversity jurisdiction (*id.*);

(2) the Notice of Removal failed to establish 21st Mortgage's citizenship because it does not allege 21st Mortgage's state of incorporation (*id.* at 5);

(3) the Notice of Removal failed to establish why removal nearly *twelve* years into the case's life is timely (*id.* (citing § 1446(c)(1))); and

(4) the Notice of Removal failed to establish that the other Defendants consented to removal (*id.* (citing 28 U.S.C. § 1446(b)(2)(A))).

Given the Wolfs' request for an emergency Temporary Restraining Order, I issued an expedited response deadline of February 10, 2025. (*Id.* at 6.) The Wolfs did not respond to the Order to Show Cause by February 10, 2025, but instead on February 11, 2025, they filed a letter notifying the Court that Teresa Wolf filed for bankruptcy and, accordingly, the case was automatically stayed pursuant to 11 U.S.C. § 362. (ECF No. 6.) On March 20, 2025, the Wolfs filed a letter informing the Court that Teresa Wolf's bankruptcy proceeding was dismissed with prejudice and requesting an extension for filing their response to the Order to Show Cause. (ECF

3

No. 7.) In light of these developments, I ordered the Wolfs to respond by March 28, 2025. (Elec. Order, Mar. 22, 2025.)

On March 28, 2025, the Wolfs responded to the Order to Show Cause ("Response," ECF No. 8), providing the following materials: (1) a sworn affidavit from their counsel William Grausso (Grausso Aff., ECF No. 8 at 1–2); (2) a document of unidentified origin purportedly showing that 21st Mortgage is "registered in Tennessee as a foreign corporation" (ECF No. 8 at 3–4); and (3) a document from the Delaware Department of State apparently showing that 21st Mortgage is incorporated in Delaware (ECF No. 8 at 5–7). The Response does not address Defendants' citizenship, the timeliness of removal, or whether the other Defendants consented to removal.

## LEGAL STANDARDS

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 616–17 (2d Cir. 2019) (quotation marks and citations omitted). As the Second Circuit has recognized, "[p]erhaps the most important limit is subject-matter jurisdiction, which defines a court's competence to adjudicate a particular category of cases." *Id.* (quotation marks and citations omitted). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Id.* at 617–18 (quotation marks omitted).

The Wolfs, as the parties asserting jurisdiction in this action, bear the burden of establishing that the Court has diversity jurisdiction. *See Proman o/b/o M/Y "EASTBOUND AND DOWN" v. Gatsby Yacht Grp., LLC*, 599 F. Supp. 3d 127, 129–30 (E.D.N.Y. 2022) (citing

*United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)). This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). In any case removed to Federal Court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

28 U.S.C. § 1446(b)(3) requires that a notice of removal be filed "within 30 days after receipt by the defendant . . . of . . . [a] paper from which it may first be ascertained that the case is one which is or has become removable." Notwithstanding this rule, "[a] case may not be removed under subsection (b)(3) on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). 28 U.S.C. § 1446(b)(2)(A) provides that "all defendants who have been properly joined and served must join or consent to the removal of the action."

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceed $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020).

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019). It is well-established that

5

allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider factors, including:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

"For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the nerve center." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)) (quotation marks omitted).

6

## DISCUSSION

As an initial matter, the Wolfs' Response establishes that 21st Mortgage is a citizen of Delaware and Tennessee for the purposes of diversity jurisdiction. The document from the Delaware Department of State shows that it is incorporated in that state. (ECF No. 8 at 5–7.) Further, although the Wolfs do not clearly state who created the document they have submitted purporting to show the location of 21st Mortgage's principal place of business, I find that there is documentation sufficient to establish that its principal place of business is in Tennessee: (1) the Notice of Removal's alleges that 21st Mortgage has its principal place of business in Knoxville, Tennessee, as per information provided on its website (Not. Removal ¶ 12); and (2) the document provided by the Wolfs in their Response also provides a Tennessee address for 21st Mortgage, and the Wolfs' counsel declares under penalty of perjury that the document was "submitted in the foreclosure action" (ECF No. 8 at 3–4).

Nevertheless, the Wolfs have failed to show that this Court possesses diversity jurisdiction over this action because their Response does not address the three remaining deficiencies identified in the Order to Show Cause.

First, the Response does not address the citizenship of *any*, much less *all*, Defendants. As noted in the Court's Order to Show Cause, the Notice of Removal merely states that "Defendant is a resident of New York State." (Order Show Cause at 4 (citing Not. Removal ¶ 11).) This allegation of residency alone, apparently referring to one unspecified Defendant out of six, is insufficient to establish the citizenship of all Defendants. Since the Response does not provide any additional facts concerning the citizenship of Defendants, the Wolfs have failed to establish complete diversity.

7

Second, the Response does not address why removal is timely, since it provides no new facts on this issue. The Notice of Removal provides three arguments in support of timeliness: (1) "this application will contain an Order to Show Cause to Vacate Default for Plaintiff's third Motion for Summary Judgment in the Supreme Court due to law office failure"; (2) "the Wolfs were defrauded out of their home and were not initially parties to this action"; and (3) "[t]he Notice of Removal is being filed out of necessity because the Defendants are about to lose possession of the residence." (Not. Removal ¶¶ 9–10.) The Wolfs have provided no legal authority, and I have found none, establishing why any of these facts, if true, would serve as an exception to the requirement that a defendant remove an action within 30 days of it becoming removable, and in no event more than one year from the initial filing, unless a party has acted in "bad faith" to conceal the action's removability. 28 U.S.C. §§ 1446(b), (c).

Third, the Response does not address whether all Defendants have consented to the removal of this action, as required by 28 U.S.C. § 1446(b)(2)(A).

For these reasons, the Wolfs have failed to "establish[] by sworn affidavit" that this Court has jurisdiction under 28 U.S.C. § 1332(a). *See* Order Show Cause; *see also Tagger*, 951 F.3d at 126.

**CONCLUSION**

The Wolfs have failed to establish that diversity jurisdiction exists under 28 U.S.C. § 1332(a). This action is therefore remanded to the Supreme Court for the State of New York, Suffolk County.

Dated: Central Islip, New York
April 23, 2025

                                         */s/ Nusrat J. Choudhury*
                                         NUSRAT J. CHOUDHURY
                                         United States District Judge